UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DENTAL RECYCLING NORTH AMERICA, INC.,** <br><br> **Plaintiff,** <br><br> -against- <br><br> **STOMA VENTURES, LLC,** <br><br> **Defendant.** | Case No.: 4:23-cv-00670-CDP <br><br> Jury Trial Demanded |

# JOINT PROPOSED SCHEDULING PLAN

Plaintiff Dental Recycling North America, Inc. ("DRNA") and Defendant Stoma Ventures, LLC ("Stoma"), having met and conferred, hereby submit this Joint Proposed Scheduling Plan pursuant to the Court's Order of June 14, 2023 (ECF No. 60).

a. This case has been assigned to Track 2: (Standard). The parties agree that the Track Assignment is appropriate.

b. i. The parties do not anticipate any joinder of additional parties or further amendment to the pleadings.

    ii. Defendant will Answer or otherwise respond, including by way of motion to dismiss, on or before July 28, 2023[1].

c. Discovery Plan:

    i. The parties agree to discuss the format of the production of electronically stored information ("ESI") before it is produced and anticipate filing a separate proposed Electronic Discovery Order no later than July 26, 2023, for approval by the Court. The parties are in discussions regarding a Proposed Joint Protective Order, which will be filed no later than July 26, 2023, for approval by the Court.

---

[1] Stoma is filing concurrently herewith a consent motion to extend Stoma's deadline to respond to DRNA's Second Amended Complaint from July 20, 2023, up to and including July 28, 2023.

ii.   The parties agree that any inadvertent production of privileged or protected materials shall not constitute a waiver of any such privilege or protection.  In the event of any such inadvertent production, the party making the inadvertent production shall notify the other party promptly upon discovery of such inadvertent material.  The party receiving any such inadvertently produced material shall not use or rely upon any such materials, and shall not publicly file or otherwise disclose such materials, unless and until it obtains permission of the Court following standard notice and motion practice.

iii.   The parties agree that they shall make their required Fed.R.Civ.P. 26(a)(1) disclosures and exchanges within 14 days of Defendant's filing of an Answer or within 14 days of the Court's ruling any motion to dismiss Defendant may make pursuant to paragraph (b)(ii) above.

iv.   Discovery should NOT be conducted in phases or limited to certain issues except that general ESI production requests under Federal Rules of Civil Procedure 34 and 45 must not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests in accordance with the procedure provided in the forthcoming proposed Electronic Discovery Order.  Email production requests must be phased to occur after the parties have exchanged initial disclosures and basic documentation about the claims and defenses at issue, the relevant products, and the relevant finances. While this provision does not require the production of such information, the Court-encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

v.   The parties shall disclose their expert witnesses' identities and reports, for those matters for which the party will bear the burden of proof at trial, on or before November 30, 2023, and the parties shall make all such experts available for deposition on or before January 12, 2024.  The parties shall disclose responsive expert witnesses' identities and reports, for which the party does not bear the burden of proof at trial, on or before February 8, 2024, and the parties shall make all such experts available for deposition on or before March 1, 2024.

vi.   The parties agree that the presumptive limits of ten (10) depositions per side as set forth in Fed.R.Civ.P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed.R.Civ.P. 33(a), should apply in this case.

vii.   The parties do not anticipate requesting any physical or mental examinations of parties.

viii.   All discovery shall be completed by March 1, 2024.

ix.   The parties do not currently have any other matters pertinent to the completion of discovery in this case.

d.   The parties do not believe that referral of the action to mediation or early neutral evaluation will be beneficial at this time.  If such a referral were to be productive, it would not be so until after any motion to dismiss Defendant may bring has been decided by the Court.  Productive.

e. Defendant shall file its motion to dismiss (if any) by July 28, 2023.
The parties shall file any motions for summary judgment by March 15, 2024.

f. The earliest date by which this case should reasonably be expected to be ready for trial is June 17, 2024, or 90 days from the Court's decision on any motion for summary judgment, which may be later.

g. The parties currently estimate the length of time expected to try the case to verdict to be six (6) full trial days.

Dated: July 12, 2023                                                                    Respectfully submitted,

| NOLTE LACKENBACH SIEGEL LLP | HUSCH BLACKWELL LLP |
|---|---|
| By: */s/* Robert Golden | By: */s/ Brendan R. Zee-Cheng* |
| Robert B. Golden | Michael R. Annis |
| 111 Brook Street, Suite 101 | Missouri Bar No. 47374 |
| Scarsdale, New York 10583 | Paul L. Smelcer |
| Phone: 866-201-2030 | Missouri Bar No. 69351 |
| Fax:    832-201-8247 | Brendan R. Zee-Cheng |
| RGolden@NLS.law | Missouri Bar No. 66997 |
|  | 8001 Forsyth Blvd., Suite 1500 |
| Counsel for Plaintiff | St. Louis, MO 63105 |
|  | 314.480.1500 Telephone |
|  | 314.480.1505 Facsimile |
|  | mike.annis@huschblackwell.com |
|  | paul.smelcer@huschblackwell.com |
|  | brendan.zee-cheng@huschblackwell.com |
|  |  |
|  | Counsel for Defendant |